STEVEN G. KALAR
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Telefacsimile: (415) 436-7706

Counsel for Defendant HALL

FILED

AUG 0 6 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR-10-0550 RS |
|---|---|
| Plaintiff, | ) |
| | ) STIPULATION REGARDING |
| | ) SUPERVISED RELEASE VIOLATION |
| v. | ) |
| | ) |
| LEEVERETT HALL, | ) |
| | ) |
| Defendant. | ) |

The parties hereby submit the following stipulations with respect to the Petition for Arrest Warrant for Offender Under Supervision filed on June 11, 2013 (hereinafter "Form 12") (ECF Document 32).

## I. INTRODUCTION

On June 11, 2013, a Form 12 was filed alleging a single violation of defendant Leeverett Hall's conditions of supervised release. That single charge is that Mr. Hall violated the general condition which states that he shall not commit another Federal, state or local crime. Specifically, the Form 12 alleges that on May 19, 2013 Mr. Hall committed and/or conspired to commit theft of a locked vehicle in violation of Penal Code § 459, 2nd Degree Burglary, and Penal Code § 182, Conspiracy. Because Mr. Hall cannot admit to these allegations without also exposing himself to further liability and punishment in the state court, the parties have agreed to enter theses stipulations to resolve the Form 12. By entering into these stipulations, the parties agree that Mr. Hall is not making an admission to the allegations. In order to find that Mr. Hall has violated the terms of his supervised release, the Court would have to find by a preponderance of the evidence that the defendant violated a condition of his supervised release.

## II. STIPULATIONS

(1) Mr. Hall waives his right to have a hearing before this Court, to hear testimony, testify on his own behalf and to call witnesses to testify on his own behalf.

(2) But for these stipulations, the government would have called United States Probation Officer Octavio Magana.

(3) Because hearsay would be admissible at the supervised release violation hearing, the parties stipulate that if called to testify, USPO Magana would testify to the following:

(a) That he had reviewed San Francisco Police Department report number 130412878 and video surveillance footage from the incident. That the report and the video surveillance indicate that on May 19, 2013, a victim reported having her 2003 Toyota Corolla burglarized in the Walgreens parking lot located at 1899 Fillmore. A security cameras captured Mr.

Hall and another individual named Ms. Kang driving a BMW into the Walgreens parking lot and parking near the targeted car. That Ms. Kang looked into the car while Mr. Hall stood outside of the BMW, apparently keeping look-out. That Ms. Kang broke the window of the car, grabbed something from the vehicle, and Ms. Kang and Mr. Hall both departed the parking lot in the BMW. On May 25, 2013, police officers observed Mr. Hall driving the same BMW. They stopped him and arrested him.

(4) The parties submit the matter for decision by the Court on the basis of the above stipulations.

IT IS SO STIPULATED.

8/6/2013
DATED

BENJAMIN TOLKOFF
Assistant United States Attorney

8/6/13
DATED

LEEVERETT HALL
Defendant

8/6/13
DATED

JODI LINKER
Assistant Federal Public Defender